IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UPPER OHIO VALLEY ITALIAN
HERITAGE FESTIVAL and
AIG PROPERTY CASUALTY, INC.,

    Plaintiffs,

v.                                           Civil Action No. 5:18CV120
                                                        (STAMP)
THE BURLINGTON INSURANCE
COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

    I.    Background

    The plaintiffs, the Upper Valley Italian Heritage Festival, Inc. ("Italian Heritage") and AIG Property Casualty, Inc. ("AIG"), originally filed their complaint in the Circuit Court of Ohio County, West Virginia, against the defendant, The Burlington Insurance Company ("Burlington"). ECF No. 5 at 1. This civil action arises out of a contract for JCJ Amusements, LLC ("JCJ") to provide amusements for the July 2012 Festival in Ohio County, Wheeling, West Virginia. ECF No. 1-1 at 6. The complaint alleges that the defendant is the insurer for JCJ and that AIG is the Festival's insurer. Id. at 4. The complaint further alleges that the defendant wrongfully failed to indemnify the plaintiffs when the Festival defended itself against an alleged fall which occurred at the Festival. ECF No. 1-1 at 6-7. The complaint seeks a declaratory judgment, and asserts breach of contract, equitable

subrogation, first party common law bad faith, and first party statutory bad faith. ECF No. 1-1 at 7-11.

The named defendant, Burlington, filed a second notice of removal to this Court on July 17, 2018, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1 at 3. The notice of removal asserts that there is complete diversity among the parties and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Id. In support of the Court's subject matter jurisdiction, the defendant alleges that the plaintiffs submitted a settlement demand of $305,000.00. Id.

The plaintiffs then filed a motion to remand, arguing that the defendant has not met its burden of proving that grounds exist for asserting federal jurisdiction because it has presented "no evidence that the value of the case at the time of the first or second removal is greater than $75,000.00." ECF No. 5 at 2. The plaintiffs contend that although they collectively sought $305,000.00 to settle the case, the settlement letter does not contain any specific values or evidence documenting the amount in controversy. Id. The plaintiffs assert that the United States Supreme Court "has long held that a second removal may not be premised on the 'same grounds' as the prior removal." Id. (citing St. Paul & C. Ry. v. McLean, 108 U.S. 212, 217 (1883); Bowyer v. Country Home Loans Servicing LP, No. CIV. A. 5:09-CV-00402, 2009 WL 2599307, at *3 (S.D. W. Va. Aug. 21, 2009). Specifically, the

2

plaintiffs contend that because jurisdiction is determined at the time of the initial pleading and the defendant has offered no proof that the new demand relates in any way to the value of the case as it existed at the time of the initial pleading, removal should not be granted. ECF Nos. 5 at 2, 5-2 at 5. They argue that the settlement demand is not a new ground for removal since the facts of this case have not changed since this case was first remanded. Id. The plaintiffs acknowledge that although removal may be triggered under 28 U.S.C. § 1446(b) in limited circumstances based on an amended pleading, motion, order, or other paper, the settlement demand is only one piece of evidence regarding the amount in controversy. Id. at 6-7 (citing Williams v. Hodgson, No. 5:11CV80, 2011 WL 3793328, at *2 (N.D. W. Va. Aug. 24, 2011)). In Williams, the defendant attempted to justify removal by referencing a settlement demand of $190,000.00; however, the Court ultimately found that the defendant did not meet its burden since removal cannot be based on speculation. Id. Among other cases, the plaintiffs also cite Lawson v. K-Mart Corp., No. 1:07-00765, 2008 WL 702124, at *2 (S.D. W. Va. Mar. 13, 2008), for support that settlement offers do not adequately establish the amount in controversy; they may overstate the value of a particular claim. Specifically, the plaintiffs argue that since the settlement demand occurred after remand, and since the settlement demand does not discuss the merits of plaintiffs' case, it has no evidentiary value

3

for purposes of establishing jurisdiction. Id. at 9. Moreover, the plaintiffs contend that there must be a voluntary act of the plaintiffs that makes a claim removable, and that the plaintiffs did not take any action. Id. at 10-11. Lastly, the plaintiffs assert that as a matter of public policy, allowing the defendant to remove this case would encourage forum shopping when the plaintiffs attempt to settle. Id. at 11.

The defendant filed a response in opposition to the plaintiffs' motion to remand. ECF No. 7. In response, the defendant notes that the plaintiffs have demanded $305,000.00 to settle the case and have threatened that the demand would substantially increase if it is not paid pending the motion to dismiss/motion for summary judgment. Id. at 2-4. The defendant cites Six v. Sweeney, 2013 U.S. Dist. LEXIS 65646 (N.D. W. Va. May 8, 2013), where the Court found that a settlement demand established the amount in controversy requirement when the plaintiff made a settlement offer demanding $100,000.00 after the case was remanded and prior to the defendant's second notice of removal. Id. Further, the defendant distinguishes this case from Williams, because the defendant in that case did not reference any document to support the allegation that a demand was made, or what claims the demand referred to after filing its second notice of removal. Id. at 4. The defendant also notes that in that case, after the plaintiffs filed a motion to remand, the defendant also

4

did not file a response in opposition to the motion to remand, and the Court found that it had no evidence to support that the amount in controversy was satisfied other than the allegations in the notice of removal. Id. The defendant in this present case asserts that unlike in Williams, it has attached the settlement demand to the notice of removal and the settlement demand is not merely a starting point for negotiations, but a "bottom line demand that is set to substantially increase upon issuance of a court order denying [d]efendant's dispositive motion." Id. Further, the defendant explains that although in Lawson, the Court granted the motion to remand, the plaintiff in that case made a *pre-suit* demand of $100,000.00, and his requested relief in his complaint was $20,293.58, without alleging severe or permanent injuries or a request for punitive relief. Id. at 5. Here, unlike in Lawson, the plaintiffs make a *post-suit* demand that greatly exceeds the amount in controversy requirement, and there is a claim for punitive damages. Id. Moreover, the defendant argues in response to the plaintiffs' contention that it has not taken any voluntary action to allow removal, and that the plaintiffs have taken action by making a voluntary settlement demand. Id. at 8. Lastly, the defendant asserts that the plaintiffs' public policy argument regarding forum shopping is unfounded because this Court has proper jurisdiction over this matter. Id.

The plaintiffs filed a reply to the defendant's response in opposition. ECF No. 10. In reply, the plaintiffs assert that the cases demonstrate that jurisdiction is determined at the time of the initial pleading, and is not affected by a later settlement demand unless an amended pleading, motion, order or other paper brings new information that existed at the time of the complaint. Id. at 6. The plaintiffs argue that the settlement demand, on its own, should not dictate jurisdiction. Id. Since the amount in controversy was not satisfied at the time this case was removed, and since nothing has changed since that time, the plaintiffs argue that the case must be remanded. Id. at 3. Specifically, the plaintiffs distinguish Sweeney from the case at hand because, unlike in Sweeney, the settlement demand in this case is not and was not based on new evidence. Id. at 3. Rather, the plaintiffs contend that the facts of this case are the same now as they were when the case was originally filed in state court. Id. The plaintiffs also argue that under Williams, the defendant's production of the settlement demand has no bearing on the fact that such demand is not enough evidence that the plaintiffs will recover over $75,000.00 if they prevail since removal cannot be based on speculation and must be based on facts as they exist at the time of removal. Id. (citing Varela v. Wal-Mart Stores East, Inc. 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000)). Moreover, although the plaintiffs seek punitive damages, they contend that a threat of

punitive damages is not enough, without more, to give rise to federal jurisdiction; and, unlike cases about personal injuries, the plaintiffs in this present case do not seek future damages, or pain and suffering damages. Id. at 5. Lastly, the plaintiffs assert that the plaintiffs have taken no action to trigger removal; rather, it was the defendant's filing a motion to dismiss and second removal that led to the demand. Id. at 7.

The defendant has filed a motion to strike plaintiffs' reply to defendant's response in opposition to motion to remand and moves for an award of costs associated with the filing of the motion due to plaintiffs' untimeliness in filing their reply. ECF No. 11.

The plaintiffs have filed a response to defendant's motion to strike plaintiffs' reply to defendant's response in opposition to motion to remand and a motion for leave to permit filing. ECF No. 12. Plaintiffs cite Federal Rule of Civil Procedure 6(b)(1)(B), arguing that "excusable neglect" encompasses delays caused by "inadvertence, mistake or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to opposing party, and the movant's excuse has some merit." Id. at 1-2 (citing Lee v. ITT Standard, W.D. N.Y. 2002, 268 Supp. 2d 315, report and recommendation adopted in part 268 F. Supp. 2d 356). Specifically, the plaintiffs argue that their mistake did not cause prejudice to the defendant and that they did not act with an ulterior motive or in bad faith. Id. The plaintiffs further argue that

7

alternatively, the Court may consider their motion to remand as a dispositive motion and apply the appropriate deadlines set forth in the scheduling order (ECF No. 9). Id.

For the reasons set forth below, the plaintiffs' motion to remand is granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enf't Tech. Commercialization, Inc., No. 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and, if federal jurisdiction is

doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Ala. Power Co., 483 F.3d 1184, 1213-15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., No. 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiffs prevailed on the merits of his case as it stands at the time of removal" (internal citations omitted)).

## III. Discussion

There is no dispute that complete diversity exists. The only issue in dispute is the amount in controversy requirement under 28 U.S.C. § 1441. Based on the record before this Court, the plaintiffs' motion to remand must be granted. The defendant fails to demonstrate that the amount in controversy requirement has been satisfied. The plaintiffs' complaint specifically identifies

$59,439.67 as damages, and this Court finds that neither the plaintiffs' general claim for punitive damages nor the plaintiffs' request for attorney's fees demonstrates that the amount in controversy requirement has been satisfied.

As stated earlier, the amount in controversy requirement cannot be based on speculation or "what ifs" that may occur. Rather, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey, 483 F.3d at 1213–15. At this time in the civil action, the amount of damages that may or will be recovered is speculative at best. Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears. See In re Blackwater Sec. Consulting, LLC, 460 F.3d at 583. Therefore, removal is improper. Also, as stated earlier, removal jurisdiction is strictly construed, and, if federal jurisdiction is doubtful, the federal court must remand. Hartley, 187 F.3d at 422; Mulcahey, 29 F.3d at 151. Here, doubts exist as to that jurisdiction. In Hall, the court stated that, "[a]lthough the Court 'is not required to leave its common sense behind,' Mullins, 861 F. Supp. at 24, the defendant nonetheless must give the Court something to which to apply its common sense. In Mullins, the district court considered evidence of the contract price and finance charges, along with the causes of action being sought by the plaintiff." Hall v. Cliffs N. Am. Coal, LLC, Civil Action No. 5:09-CV-00689, 2009 WL 4666484, at

10

*2 (S.D. W. Va. Nov. 30, 2009). Here, like in Hall, the defendant does not make "any factual allegations or citations to the record to support its conclusion that the amount in controversy meets or exceeds $75,000." Id.

Moreover, while a settlement offer may count for something, what it counts for depends on the circumstances. See Williams v. Hodgson, No. 5:11CV80, 2011 WL 3793328, at *2 (N.D. W. Va. Aug. 24, 2011) (Stamp, J.) (remanding the case where the plaintiffs demanded $190,000.00, finding that the demand was not enough proof that the requisite jurisdictional amount has been met). "Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide 'specific information . . . to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight." Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (citing Golden Apple Management Co. v. Geac Computers, Inc., 990 F. Supp. 1364, 1368 (M.D. Ala. 1998)).

Unlike the settlement demand in Six v. Sweeney, No. 5:13CV3, 2013 WL 1910379, at *1 (N.D. W. Va. May 8, 2013) (Stamp, J.), the settlement demand here is not detailed in any way that aids removal. The letter in question simply demands "a collective $305,000.00" (ECF No. 1-10 at 1), without explaining how the

11

plaintiffs could support such a figure.  The only detail in the letter is contained in the previous paragraph, which generally discusses that the denial of coverage caused the plaintiffs to incur substantial attorney's fees and economic damages.  Such a demand is not enough to meet the requisite jurisdictional amount.

Accordingly, the plaintiffs' motion to remand is granted, and the case is remanded to the Circuit Court of Ohio County, West Virginia.

## IV. Conclusion

For the reasons set forth above, the plaintiffs' motion to remand (ECF No. 5) is GRANTED.  Further, defendant's motions to dismiss, or in the alternative, motions for summary judgment (ECF Nos. 2 and 17), and motion to strike plaintiffs' reply to defendant's response in opposition to motion to remand (ECF No. 11) are DENIED AS MOOT.

Accordingly, it is ORDERED that this civil action be REMANDED to the Circuit Court of Ohio County, West Virginia.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.  Pursuant to

Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    October 24, 2018

                                              /s/ Frederick P. Stamp, Jr.
                                              FREDERICK P. STAMP, JR.
                                              UNITED STATES DISTRICT JUDGE